Mr. Justice Walker delivered the opinion of the Court. The defendant executed to the plaintiff’s attorneys a power of attorney by which they were empowered to confess judgment for said defendant on a note which the plaintiff had placed in the hands of such attorneys for collection. By virtue of this power judgment was regularly confessed and entered of record. To this judgment it is objected 1. That the attorney at law for the' plaintiff could not act as attorney in fact ior the defendant, touching the same subject matter on account of his prior retainer by the plaintiff — the interest and rights of the plaintiff" and defendant being adverse. ' 2. That the judgment was not confessed until after the note was barred by limitation, and that it was the duty of the attorney to have interposed this defence. 3. That the power was revoked by the efflux of time. As a general rule it is true that agents cannot act so as to bind their principals, where they have or represent interests adverse to the principal’s. This rule is founded upon the consideration that the principal bargains for the skill and vigilant attention of the agent to the subject matter entrusted to him : and the policy of the law will not tolerate the existence of an adverse interest in the agent to that of his principal for fear it may influence his conduct to the prejudice of interests of the principal. This well recognized rule is particularly applicable to buying and selling agents, where the principal contracts for the services of an agent at a time when he has no interest in the subject entrusted to him, but subsequently by his own act acquires interest in it adverse to that of the principal. In the case before us the attorney had no interest in the matter of his agency unless it should arise from his claim to compensation as a collector, which may or may not have been otherwise settled ; nor had the plaintiff any interest whatever in the act to be done of which the principal, at the time he instituted him agent, was not fully advised; and if such disqualification existed he, by his own act, expressly waived it by conferring upon the agent such power with a knoweldge of the facts. When it is remembered that the whole ground upon which this rule is based, rests upon the fraudulent advantage which such an interest may .stimulate the. agent to take to the prejudice of his principal’s rights, it will scarcely be contended that the circumstances of this case bring it within the reason andspirit of the rale. The principal was informed of the nature and extent of the interest which the payee in the note had in the act to be performed by the agent. The facts disclosed in the instrument itself prove this; and that it was intended that the act to be performed should enure to the mutual benefit of both the payor and payee : to the first by saving him the expense incident to a suit in the usual form; to the other by facilitating and making certain a recovery. This therefore was not a mere naked power in which the principal was alone interested, bat a power coupled with an interest in a third person, made upon good and sufficient consideration, and in regard to which the principal was wéll advised, and so far from an undue advantage having been taken of him iii the relationship in which the agent stood towards him, he only did that which every truthful honest man should do, and what every prudent, considerate attorney should accede to. The act which the attorney undertook to perform was in perfect harmony with the interest of his client and of the duty and integrit}' of defendant, the payor. If the attorney had undertaken to defend for the payor as it is argued that he should have done, then indeed he would have represented adverse interests inconsistent with those of his principal. But it is evident that such is not the nature of his undertaking. He was not only not authorized to interpose a defence to the action, but the powers conferred upon him negative the idea that any defence existed. Suppose the agent had offered to defend and upon a rule to show by what authority ho appeared for the purpose of defence, had produced the power of attorney directing him to confess judgment upon the debt, it is evident that such showing would have been held insufficient. We think therefore that there was no such adverse interest involved in the act to be done as to disqualify the attorney from confessing judgment. It is next contended that by the efEux of time the subject matter of the power was extinguished and thereby the power was revoked. The effect of limitation is not to extinguish the contract. On the contrary it is a defence in bar to a recovery upon the contract, which confesses and admits a valid existing contract, which by lapse of time is presumed to have been satisfied. It is invariably required to be plead and will not be otherwise noticed by the court. The case of Biscoe et al. vs. Jenkins et al. 5 Eng. 118, relied upon by counsel to sustain their position, was decided under a very different state of facts from those presented in this. The question in that case was not whether efflux of time extinguished a contract, but whether part payment by one of several joint contractors, made after the cause of action had been barred by limitation, would take it out of the operation of the statute as to all. • Lapse of time at most only furnishes presumptive evidence of a revocation by the agent of his power by renunciation, but this like all the other modes of revocation except that of the death of theprincipal, applies to mere naked powers over which the principal has absolute control, and not to powers coupled with an interest, or. such as are made upon sufficient consideration, or for the mutual benefit of the parties. These are not revocoble at the pleasure of the principal: they partake of the nature-of contracts, and in cases where there is an interest in the thing itself, the power is not revo cable even by the death of the principal, as was decided by this court at the last January term in the case of Pryor vs. Yeates et al. StoRY, in his work on Agency, says,i: But where an authority or power is coupled with an interest, or where it is given for a valuable consideration, or where it is part of the security, there, unless there is an express stipulation that it shall be revocable, it is from its own nature and character, in contemplation of law, irrevocable, whether it is expressed upon the face of the instrument conferring the authority or not.” (Story on Agency 608.) So, if a power of attorney be given as part of the security to a creditor, the power-is irrevocable. (2 Espinasse R. 565. Hammond vs. Allen, 2 Sumner R. 387.) Or if a letter of attorney is taken to sell a ship as a security upon a loan of money, it is irrevocable. (2 Mason’s Rep. 244.) Or to collect and receive outstanding debts to the benefit bf a creditor, and it has also been held that a power of attorney to confess judgment is not revocable. (Rodes vs. Woodward, 1 Salk. 87.) And so firmly established is the law on this point, that even the death of the principal after the commencement of the term, but before judgment rendered, will not revoke the power to confess judgment.' (Fuller vs. Joclyn, 2 Strange’s Reports 868. Id. 1081.) Story, in his work on Agency says, “ The ground of this doctrine is that the party shall not be at liberty to violate his own solemn agreement, or to vacate his own security by his own wrongful ' act; for that would be to enable him to perpetrate a fraud upon innocent persons, who have placed implicit confidence in him, which is against the clearest principles of justice and equity.” Story on Agency, page 609. The above remarks of 1 his learned jurist, we hold to be peculiarly applicable to the case before us ; and after an agreement entered into upon good and sufficient inducements and consideration, and after an indulgence under such agreement, to permit the principal to revoke and set aside his contract and interpose a defence based upon the very indulgence he had acquired under the agreement, would indeed be contrary to the “ clearest principles of justice and equity” and an act which we cannot sanction. Whether, if the defendant could show that a valid defence had accrued to him since the execution of the power the court should not upon proper showing permit him to plead or would consider the power as being revoked by the extinguishment of the subject matter in regard to which the power was conferred and refuse to permit judgment to be entered, or would permit the power to be executed and leave the party to his equitable relief before the chancellor, it is unnecessary for us to decide, as no such question is presented in this case. There was no offer made by the defendant in the circuit court either to revoke the power or to interpose a defence. The proceedings are regular and a valid judgment rendered thereon. Let the judgment be affirmed with costs.